IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2012 FEB 13 P 1: 24
CLERK'S OFFICE
AT BALTIMORE
BY ___

FAREED KAMRAN CHISHTY, #A094231712 :
Petitioner :

v. : Civil Action No. JKB-11-3305

ERIC HOLDER, JR, Attorney General :
of the United States, et al.
Respondents :

. . . .o0o. . . .

## MEMORANDUM

Before the court is Fareed Kamran Chishty's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents,[1] through counsel, have filed a response and a motion to dismiss the petition as moot.[2] After considering the pleadings and applicable law, the court dismisses the petition as moot.

### I. BACKGROUND

Chishty is an alien subject to a final administrative removal order. He filed this petition on November 17, 2011, when he was a detainee at Dorchester County Detention Center, seeking his release from custody pending removal from the United States. The petition does not

---

[1] The proper respondent in a § 2241 proceeding is the petitioner's custodian. *See* 8 U.S.C. § 2242; *see also* 8 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004) (proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Steve Mills, the Warden at Dorchester County Detention Center where Chisty was detained when this petition was filed, is the proper party respondent. The remaining respondents are dismissed.

[2] Notices of the dispositive pleading and the opportunity to reply were sent to Chishty at Dorchester County Detention Center and the Hyattsville, Maryland address he provided to ICE authorities when he was released under an Order of Supervision. ECF Nos. 7 and 8. Chishty has not filed a reply.

challenge his removal order.

Chishty is a native and citizen of Pakistan who was admitted to the United States as a nonimmigrant on November 3, 2002, with authorization to remain until January 21, 2006. ECF No. 5, Exh. A (Notice to Appear). He remained in the United States without authorization after January 2006. *See id.* On May 12, 2011, an Immigration Judge ordered Chishty removed from the United States. *Id.*, Exh. B (Immigration Judge's Order). Chishty did not appeal the Immigration Judge's order and was taken into Immigration and Customs Enforcement (ICE) custody on September 15, 2010.

ICE's efforts to secure a travel document from the Embassy of Pakistan have been unsuccessful. On December 27, 2011, Chishty was released from ICE custody pending his removal under an Order of Supervision. Exh. C (Release Notification); Exh. D (Declaration of Calvin Orem, Jr.). The address that Chishty provided to ICE upon his release is 3408 Notre Dame Street; Hyattsville, Maryland 20783. *Id.*, Exh. C.

## II. DISCUSSION

Article III, Section 2, of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477 (1990); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir. 1994). Since Chishty is released from custody, he has obtained the relief he requested in the petition, thereby rendering the case moot. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002); *Ishola v. Holder*, 326 F. App'x. 254, 254 (4th Cir. 2009) (unpublished) (affirming dismissal of alien's petition as moot because he was released from ICE custody under an order of supervision).

The court declines to issue a certificate of appealability in this case. A certificate of appealability will not issue in the absence of "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard can be met by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Chishty does not satisfy this standard and there is no basis to issue a certificate of appealability.

### III. CONCLUSION

Chishty challenged only his detention pending removal. The sole relief sought in his petition was release from custody. Accordingly, Chishty has been provided the relief he requests and the petition is dismissed as moot. A separate order follows.

Feb 10, 2012
Date

James K. Bredar
United States District Judge

3